IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DARREN LEE                                                              PLAINTIFF

v.                                 Case No. 5:13-CV-05172

AIRGAS – MID SOUTH, INC., and
JOHN DOES 2 – 10                                                        DEFENDANTS

## ORDER AND OPINION

Before the Court are Defendant Airgas – Mid South, Inc.'s ("Airgas") motion to dismiss for failure to state a claim (Doc. 21) and brief in support (Doc. 22), Plaintiff Darren Lee's response (Doc. 23) and brief in support (Doc. 23-1), and Airgas's reply to Lee's response (Doc. 27), filed with leave of the Court. Airgas also filed a motion for a hearing on its motion to dismiss (Doc. 30), and Lee has filed a response (Doc. 31) in opposition. For the reasons set forth below, Airgas's motion to dismiss will be GRANTED and its motion for a hearing will be DENIED AS MOOT.

## I.      Jurisdiction

Earlier in this litigation, the Court expressed concern that it might not have subject matter jurisdiction. (Doc. 12). In his second amended complaint, as to Airgas, Lee has pleaded complete diversity and an amount in controversy sufficient to allege the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a). Regarding the John Doe defendants, however, Lee has failed to properly allege diversity jurisdiction as ordered by the Court.[1]   Insufficiency of

---

[1] Lee's bare allegation that none of the John Doe defendants are believed to be citizens of the State of Arkansas is purely speculative. The only factual "support" Lee offers for this jurisdictional allegation is in the affidavit of Lee's counsel, Bobby Dean Davidson (attached to the second amended complaint), which is itself speculative. Not only is the citizenship of the John Doe defendants a matter of speculation, but apparently so is their very existence. (Doc. 14-

1

jurisdictional allegations would in most cases be grounds for dismissal of the entire action.  In this case, however, a simple read of the second amended complaint, granting all reasonable inferences in Lee's favor, reveals that no factual allegations of any kind are leveled against the John Doe defendants, or against anyone other than Airgas.  Therefore, the Court will exercise its authority under Federal Rule of Civil Procedure 21 to preserve diversity jurisdiction by dropping all John Doe defendants from the action as dispensable parties.  Fed. R. Civ. P. 21; *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).  This leaves only Lee and Airgas in an action over which the Court may exercise its jurisdiction.

## II.   Procedural Background

Lee filed his original complaint on August 20, 2013, naming Victor Technologies International, Inc. ("VTI") and several John Does as defendants.  He filed an amended complaint on September 23, 2013, again naming VTI and several John Doe defendants.  On December 18, 2013, Lee filed a motion for leave to file a second amended complaint.  A proposed second amended complaint was attached and identified Airgas as a potential defendant for the first time, along with Airgas USA, LLC and the remaining John Does.  On January 20, 2014, Lee and VTI filed a stipulation of dismissal, leaving only the John Doe defendants named in the original and first amended complaints.  On January 21, 2014 the Court denied Lee's motion because the proposed second amended complaint failed to properly allege subject matter jurisdiction.  The Court gave Lee until February 3, 2014, to correct the jurisdictional allegations and refile his motion for leave to amend.  Lee moved again to file a second amended complaint, this time dropping Airgas USA, LLC from the proposed amended complaint and alleging facts to show diversity of citizenship between himself and Airgas, and the Court granted this motion.  Lee's

---

1) ("[T]here are, *or may be*, additional persons or corporations or entities, or other responsible parties." (emphasis added)).

second amended complaint, filed on March 10, 2014, names Airgas (in place of one of the John Doe defendants from the original complaint) and the remaining John Doe defendants.

Airgas now seeks to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations bars Lee's action. "[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985) (quotation omitted). Accordingly, the Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted).

## III. Discussion

This is a products liability case. In the second amended complaint, Lee alleges that he was in the process of welding his car floorboard using VTI welding equipment attached to an Airgas oxygen tank. While adjusting the oxygen regulator, the hose connecting the oxygen tank to the rest of the welding equipment blew free and a metal fitting from the hose struck Lee in the right eye, blinding him. Lee believes his injury was due in part to a contaminant on the oxygen tank fitting (a white web-like substance) and alleges that the negligent failure of Airgas to include a simple protective cap allowed that contamination.

In a diversity case, the Court applies the relevant state-law statute of limitations. *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945). In Arkansas, a products liability action must be brought within three years after the date of injury. Ark. Code Ann. § 16-116-103. Lee alleges that the injury in this case occurred on August 21, 2010. The second amended complaint—the first explicitly identifying Airgas as a defendant—was filed on February 20, 2014. At first

3

glance, it is apparent from the face of the second amended complaint that the action against Airgas was commenced more than three years after the date of injury.  Lee, however, argues that the second amended complaint relates back to the original complaint, and therefore takes the date of the original complaint for calculating limitations periods.  The original complaint was filed on August 20, 2013, within the 3-year limitations period.  Therefore, if the second amended complaint relates back to the original complaint, application of the statute of limitations would not be apparent from the face of the complaint and Airgas's motion to dismiss should be denied. If the second amended complaint does not relate back, however, then Airgas's motion to dismiss should be granted.

Lee's amendment substituting Airgas for a John Doe defendant can only relate back to the original complaint if the conditions set forth in Federal Rule of Civil Procedure 15(c) are satisfied.  *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001) ("The issue of whether an amended complaint identifying a defendant by name will 'relate back' to a previously filed complaint against a 'John Doe' defendant has typically arisen in the context of statute of limitations issues. Such an amendment ordinarily will *not* be treated as relating back to the prior pleading, unless certain conditions set forth in Fed.R.Civ.P. 15(c) are satisfied.").  Because of the mandatory language of Rule 15(c), if those conditions are satisfied, Lee's second amended complaint necessarily relates back.  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010). Those conditions are satisfied when (1) the amendment asserts a claim arising out of the same conduct, transaction, or occurrence that the plaintiff attempted to set out in the initial pleading; and (2) within the Rule 4(m) period for service for the original complaint, (i) the party to be added received sufficient notice of the action that it will not be prejudiced by defending on the

merits, and (ii) knew or should have known that but for a mistake concerning its identity, the action would have been brought against it originally.  Fed. R. Civ. P. 15(c)(1)(C).

The first condition is met.  The second amended complaint asserts a claim arising out of the same alleged welding malfunction that caused Lee's injury and for which his original complaint was brought against VTI.  The primary dispute in this case is whether the second condition is met.  Specifically at issue is whether Airgas had the required timely notice of Lee's action against VTI and the John Doe defendants, and whether Airgas knew or should have known that the original complaint would have been brought against it.  Under Rule 4(m), the defendant must generally be served with a summons within 120 days after the complaint is filed.  Lee filed his original complaint on August 20, 2013, so the Rule 4(m) period of 120 days extended to December 18, 2013.  In order for the allegations against Airgas to relate back to the original complaint, Airgas must have received notice of the action by December 18.

Lee has not alleged that Airgas had notice of the action any earlier than March 10, 2014, when the second amended complaint was served on its agent.  (Doc. 17).  Lee speculates that maybe a corporate agent or attorney was monitoring court filings for Airgas's name, or maybe one of Airgas's distributors might have said something about the action against VTI, and so maybe Airgas received notice of the action earlier than March 10.  Other than this speculation, Lee's filings are devoid of allegations that Airgas had notice earlier than March 10, and in the absence of sufficient factual allegation, speculation is not enough to overcome a motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Lee provides no basis for the

Court to infer on this motion to dismiss that Airgas had actual notice earlier than March 10, 2014.[2]

Lee's argument for constructive notice is similarly unavailing. Lee raises "identity of interest" as a basis for imputing VTI's notice to Airgas. In doing so, Lee notes that the exception applies "when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Serrano v. Gonzalez*, 909 F.2d 8, 12 (1st Cir. 1990) (quoting *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102-103 (1st Cir. 1979)). Lee ignores that such a close relationship is generally found "where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate." *Hernandez Jimenez*, 604 F.2d at 103. Lee does not allege facts supporting that VTI and Airgas have this type of relationship. In fact, as nearly as the Court can determine from the allegations in the complaint and other filings, VTI and Airgas do not have any relationship. Lee has provided no basis for the Court to find an identity of interest between VTI and Airgas and therefore with no basis to infer that Airgas had notice of this action any earlier than March 10, 2014, well after the 120-day Rule 4(m) period for the original complaint.

As an alternative to his speculation about Airgas receiving timely notice, Lee appears to be asserting that by filing a motion for leave to file a second amended complaint on December 18, 2013, he somehow tolled that 120-day period. Lee does not support his assertion with

---

[2] Lee surely knew Airgas was a potential defendant at some point earlier than December 18, 2013, when Lee filed his motion for leave to file a second amended complaint first naming Airgas. There is no evidence or allegation, however, that Lee gave Airgas notice prior to March 10, 2014.

authority or argument.  Filing an amended complaint does not in itself have any legal effect on the Rule 4(m) period for the original complaint.  *See Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (affirming dismissal of unserved defendants who were named in an earlier complaint, despite the filing of a second amended complaint again naming those defendants).  Therefore, the Court sees no reason why filing a motion for leave to file an amended complaint would have such a tolling effect.  Airgas was named in the original complaint—albeit as "John Doe 1"—and in the absence of an extension, Lee had 120 days to serve it.

Lee asserts that because the Rule 4(m) period for service must be extended if a plaintiff shows good cause, and because the advisory committee notes address statute of limitations issues as a consideration when determining whether a plaintiff has shown good cause to extend the time to serve the summons, the notice period applicable to Rule 15(c) can likewise be extended for good cause.  Lee argues that he has shown good cause and is entitled to an extension of time because otherwise the statute of limitations bars relief and because the Court took some time to consider his motions for leave to file an amended complaint, delaying service of the summons to Airgas on the second amended complaint.  Lee is correct that he could not serve a summons on the second amended complaint until he was granted leave to file it, but under the plain language of Rule 15(c), it is the 120-day Rule 4(m) period for the *original* complaint that establishes whether notice is timely, and it is notice of the action initiated by the original complaint, and not notice that it has been named in an amended complaint, that must be given to a defendant during that period.  Lee never moved for an extension of the Rule 4(m) period for the original complaint,[3] and has shown no good cause for retroactively extending that period.  Lee's reliance

---

[3] The availability of such a motion for extension of the Rule 4(m) period obviates Lee's concerns about dismissal of John Doe parties when they remain unidentified after the initial 120 days.

on the advisory committee note does not win the day, as "the running of the statute of limitations does not require the district court to extend time for service of process." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).  Lee has given the Court no other basis that might be good cause to extend the time he had to serve summons to Airgas, let alone to provide notice to Airgas.

In fact, Lee himself is largely responsible for the additional delay after December 18, 2013, in substituting Airgas for John Doe 1 in the complaint, and entirely responsible for all delay in providing Airgas with notice of the action once Lee knew that Airgas was John Doe 1. First, a portion of the time after Lee filed his motion for leave to file an amended complaint was spent considering whether the Court even had subject matter jurisdiction due to Lee's failure to sufficiently allege its existence.  Second, on February 13, 2014, when the Court granted Lee's motion for leave to file a second amended complaint, its text order directed him to file that complaint "immediately."  Despite the fact that the second amended complaint had already been drafted, and had been attached as an exhibit to Lee's motion, it took Lee an additional week to actually file it.  It then took him an additional 25 days to actually serve Airgas with the summons.  Third, regardless of the fact that Lee could not file his second amended complaint without leave of the Court, he could have provided notice to Airgas at least as early as December 18, 2013 that it was the "John Doe 1" named in the original complaint, and could at any point have moved to extend the Rule 4(m) period.

Because the entire period of delay in providing notice was under Lee's control, he has not shown good cause for Rule 15 purposes to extend the Rule 4(m) period for the original complaint.  "A showing of good cause [for extending the Rule 4(m) period] requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules."

*Adams*, 74 F.3d at 887.  Lee's actions do not suggest excusable neglect, let alone good cause, because the entire length of the period of delay in providing notice to Airgas was in Lee's control.  *See Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 959 (8th Cir. 2010) ("In determining whether neglect is excusable . . . the reason for the delay, including whether the delay was within the party's reasonable control . . . is generally a key factor in the analysis." (citations omitted)).  Lee's noncompliance in providing timely notice is in no sense reasonable.

Because it is the Rule 4(m) period for the original complaint in which the newly named party must have received notice of the action; because that period ended on December 18, 2013, and Lee has shown no reason that period should have been extended; and because Airgas did not receive either actual or constructive notice during that period, the second amended complaint naming Airgas does not relate back to the original complaint under Rule 15(c).  Accordingly, it is apparent from the face of the second amended complaint that Lee's action against Airgas is barred by the applicable statute of limitations and must be dismissed.  Because the Court finds that Airgas did not have timely notice of the action, it need not address whether Airgas knew or should have known that the lawsuit would have been brought against it.

## IV.    Conclusion

For the reasons set forth above, IT IS ORDERED that Defendant Airgas – Mid South, Inc.'s motion to dismiss is GRANTED, and the action against it is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all remaining John Doe defendants are DISMISSED from the action under Federal Rule of Civil Procedure 21.

IT IS FURTHER ORDERED that Defendant Airgas – Mid South, Inc.'s motion for a hearing is DENIED AS MOOT.

IT IS SO ORDERED this 11th day of August, 2014.

*/s/ P. K. Holmes,* III
_____
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE